IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LORENDA JO STEVENSON,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
VS.　　　　　　　　　　　　　　　　)　　　　CIVIL ACTION NO.
　　　　　　　　　　　　　　　　　)
WALMART, INC. and　　　　　　　　)　　　　3:25-CV-1498-G
MONIQUE WAITE,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　　　)

### MEMORANDUM OPINION AND ORDER

Before the court are two motions:  (1) the motion of the plaintiff Lorenda Jo

Stevenson ("Stevenson") to remand this case to the state court from which it was

previously removed (docket entry 30) and (2) the motion of the defendants Walmart,

Inc. ("Walmart") and Monique Waite ("Waite") to dismiss Stevenson's claims under

Federal Rule of Civil Procedure 12(b)(6) (docket entry 32).  For the reasons stated

below, the motion to remand is granted.

### I.  BACKGROUND

This case concerns an incident that occurred at Walmart's store located at 782

East Interstate 30 in Rockwall, Texas.  *See generally* Plaintiff's First Amended

Complaint of August 11, 2025 ("Complaint") (docket entry 27).  Stevenson asserts

that on October 6, 2023, Waite, a Walmart employee, "collided with Plaintiff's

shopping cart with her body, causing Plaintiff to fall onto the cement floor, flat on

her back." *Id.* ¶ III.  As a result, Stevenson claims that she sustained injuries and

damages.  *Id.*

On March 19, 2025, Stevenson, a citizen of Texas, filed suit against Walmart,

a citizen of Delaware and Arkansas, and the defendant "Jane Doe" in the 382nd

District Court of Rockwall County, Texas.  *See generally* Plaintiff's Original Petition,

Jury Demand, and Request for Mandatory Disclosures Pursuant to TRCP 94, *attached*

*to* Notice of Removal ("Notice") (docket entry 1); *see also* Notice at 2.  On June 12,

2025, Walmart removed the case to this court on the basis of diversity of citizenship

jurisdiction.[1]  *See* Notice ¶ 5.

After a period of limited discovery to identify Jane Doe, on August 11, 2025,

Stevenson identified Waite, a Texas citizen, by name in a first amended complaint.

*See* Complaint; *see also* Brief in Support of Plaintiff's Response in Opposition to

Defendants' Rule 12(b)(6) Motion to Dismiss (docket entry 36) at 10.  Stevenson

alleges alternative theories of negligence against both defendants, as well as premises

---

[1]
> Wal-Mart was entitled to remove the case before inquiring into John Doe's identity and citizenship in order to do so timely.  28 U.S.C. § 1446(b)(1).  However, once the employee's identity has been revealed and he is substituted for the John Doe Defendant, the employee's citizenship can destroy diversity and require remand.  *Id*.; 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

*Garcia v. Walmart, Inc.*, No. 2:20-CV-0075, 2020 WL 2576239, at *2 (S.D. Tex. May 21, 2020).

liability claims against both defendants, and a claim of vicarious liability against Walmart. *See* Complaint ¶¶ IV-VI. The defendants argue that Stevenson's vague and unclear assertions are insufficient to state a claim. Defendants' Brief in Support of 12(b)(6) Motion ("Motion to Dismiss") (docket entry 33) at 2; *see also* Defendants' Response to Plaintiff's Motion for Remand and Brief in Support ("Response to Motion to Remand") (docket entry 34) at 3 n.1.

Stevenson moves to remand this case to the state court, arguing that removal was improper because the parties lack complete diversity of citizenship. *See generally* Brief in Support of Plaintiff's Opposed Motion to Remand to State Court ("Motion to Remand") (docket entry 31). The defendants assert that Stevenson improperly joined Waite, a Texas citizen, to defeat diversity jurisdiction and urges the court to dismiss Waite as a party to this lawsuit. Response to Motion to Remand at 7. The parties do not dispute that the amount in controversy exceeds $75,000, and the parties' citizenship is undisputed. Therefore, the only issue before the court is whether Waite was properly joined as a defendant.

## II. ANALYSIS

### A. Legal Standard

#### 1. *Removal Jurisdiction*

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in

federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993).

However, the removal statute must be strictly construed because "removal

jurisdiction raises significant federalism concerns." *Willy v. Coastal Corporation*, 855

F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th

Cir. 2008). Therefore, "any doubts concerning removal must be resolved against

removal and in favor of remanding the case back to state court." *Cross v. Bankers

Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.);

see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941). The

party seeking removal bears the burden of establishing federal jurisdiction. *Willy*,

855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal

jurisdiction: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete

diversity of citizenship among the parties. *See* 28 U.S.C. § 1332. Here, the removing

defendant has alleged only diversity of citizenship as a basis for this court's

jurisdiction. *See* Notice ¶ 5. The court can properly exercise jurisdiction on the basis

of diversity of citizenship after removal only if three requirements are met: (1) the

parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the

properly joined defendants is a citizen of the state in which the case is brought, *see* 28

U.S.C. § 1441(b); and (3) the case involves an amount in controversy of more than

$75,000, *see* 28 U.S.C. § 1332(a).

Diversity of citizenship exists only when none of the defendants is a citizen of

the same state as the plaintiff. *See* 28 U.S.C. § 1332(a). Here, Stevenson and Waite

are citizens of Texas. However, the defendants contend that removal is proper because Waite was improperly joined in this suit. *See* Response to Motion for Remand.

### 2. *Improper Joinder*

Even if a defendant has the same citizenship as the plaintiff, a federal court can still exercise removal jurisdiction over an action if the court finds that the plaintiff improperly joined the non-diverse defendant. The Fifth Circuit has recognized two grounds on which a court can find that a defendant was improperly joined: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)), *cert. denied*, 544 U.S. 992 (2005)).

Only the latter ground is at issue here. To satisfy the second ground for improper joinder, a defendant must demonstrate that "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is *no reasonable basis* for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. (emphasis added).

When applying this test, the court does not "determine whether the plaintiff will actually or even probably prevail on the merits of the claim [against the in-state defendant], but look[s] only for a possibility that the plaintiff might do so." *Guillory*

*v. PPG Industries, Inc.*, 434 F.3d 303, 308-09 (5th Cir. 2005) (citing *Dodson v. Spiliada Maritime Corporation*, 951 F.2d 40, 42-43 (5th Cir. 1992); *B., Inc. v. Miller Brewing Company*, 663 F.2d 545, 549 (5th Cir. 1981)).  Furthermore, the party seeking removal bears the heavy burden of proving that joinder was improper.  *Smallwood*, 385 F.3d at 574.  This burden requires the trial court to resolve all "contested issues of material fact, and any ambiguity or uncertainty in the controlling state law" in the plaintiff's favor.  *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).  The court can only deny the plaintiff's motion for remand if, as a matter of law, there is absolutely no possibility that the plaintiff can state a valid claim against the non-diverse defendant in state court.  See *B., Inc.*, 663 F.2d at 554.  If the defendant cannot prove improper joinder, remand is mandated.  *Smallwood*, 385 F.3d at 575.

## B.  Application

"The question presented to the court in a motion to remand based on improper joinder is not one of sufficiency of the pleadings under federal procedural rules, but rather the plausibility of a plaintiff's claim under applicable state law against an in-state defendant."  *Murphy v. Broyhill Furniture Indus., Inc.*, No. 3:08-CV-2092-M, 2009 WL 1543918, at *5 (N.D. Tex. June 2, 2009) (Lynn, J.).  Though the defendants argue that Waite has been improperly joined because there is no reasonable basis for this court to predict that Stevenson might be able to recover from Waite, *see* Response to Motion to Remand, the defendants have not sustained their heavy burden of showing that Waite is an improperly joined party.

- 6 -

Because Texas law recognizes claims against employees like Waite in their individual capacities for personally and directly participating in an event causing a plaintiff's injuries, the relevant inquiry is whether Waite has properly stated a claim against Waite for her conduct. *Tubbs v. Swift Transportation Services, LLC*, 700 F. Supp. 3d 573, 579-80 (S.D. Tex. 2023). In making this determination, the question before the court is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" Waite, the non-diverse, in-state defendant. See *Smallwood*, 385 F.3d at 573. The court need not decide whether Stevenson has sufficiently pleaded each cause of action; rather, if the court finds a reasonable basis to predict she can potentially recover on any cause of action, the court must remand the entire case. See *Smith-Manning v. State Farm Lloyds*, No. 3:13-CV-3056-M, 2013 WL 5637539, at *2 (N.D. Tex. Oct.14, 2013) (Lynn, J.) (quoting *Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004) ("[The] holistic approach to removal mandates that the existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court.")).

Under Texas law, "[t]o state a claim against an employee joined in a premises liability action against [her] employer, a plaintiff must plausibly allege that: (1) the employee owed the plaintiff an independent duty of reasonable care apart from [her] employer's duty; (2) the employee breached that duty; and (3) the employee's breach proximately caused the plaintiff's damages." *Apple v. Home Depot U.S.A., Inc.*, No. 3:24-CV-3039-D, 2025 WL 405763, at *5 (N.D. Tex. Feb. 5, 2025) (Fitzwater, J.)

(citing *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 182 (5th Cir. 2018) (citing *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996))).  The defendants contend that Waite did not owe an independent duty to Stevenson separate from Walmart's duty. Response to Motion to Remand at 7.

The court finds that Stevenson has pleaded a potentially valid claim for relief against Waite.  See *Cantu v. Wal-Mart Inc.*, No. 1:24-CV-0125, 2024 WL 5400726, at *7 (S.D. Tex. Nov. 27, 2024) ("[U]nder the Personal Involvement Test, when a plaintiff alleges that an employee was directly and personally involved in the negligence that caused the injury, the allegation itself raises questions of fact regarding an independent duty.  Because a Rule 12(b)(6) review requires that a court resolve ambiguities of fact and law in favor of the plaintiff, when the pleadings include allegations that an employee was directly and personally involved, the plaintiff's claim is likely to survive the Rule 12(b)(6) review."), *report and recommendation adopted*, 2024 WL 5401596 (S.D. Tex. Dec. 16, 2024); *Burney v. Costco Wholesale Corporation*, No. 4:23-CV-94-SDJ-AGD, 2024 WL 1283711, at *2 (E.D. Tex. Mar. 26, 2024); *Mason v. Amazon.com Services, LLC*, No. 4:20-CV-2184, 2020 WL 6551143, at *2 (S.D. Tex. Oct. 30, 2020), *report and recommendation adopted*, 2020 WL 6544830 (S.D. Tex. Nov. 6, 2020); *Lopez-Monroy v. Wal-Mart Stores Texas, LLC*, No. 3:19-CV-00051, 2019 WL 3302615, at *5 (S.D. Tex. July 23, 2019) ("[I]t certainly appears plausible that [the plaintiff] could recover against [the Wal-Mart employee] under Texas law if, in fact, [the Wal-Mart employee] created a dangerous condition and then did nothing to remedy the situation."), *report and recommendation*

- 8 -

*adopted*, 2019 WL 3753702 (S.D. Tex. Aug. 8, 2019).  Because there exists a possibility that Stevenson could establish a cause of action against Waite in state court, this court cannot say that Stevenson's joinder of Waite was improper.  See *Tubbs*, 700 F. Supp. 3d at 579 ("[The defendant] as the party bearing the *heavy burden* of establishing improper joinder, fails to offer any facts refuting Plaintiff's claim that [the defendant's employee] was personally involved in the conduct that gave rise to Plaintiff's injuries.") (emphasis in the original).  Accordingly, Walmart's basis for removal – complete diversity of citizenship – is lacking, and this case must be remanded for lack of subject matter jurisdiction.  *See* 28 U.S.C. §§ 1441(b), 1447(c).

## III.  CONCLUSION

For the reasons stated above, the plaintiff's motion to remand is **GRANTED**. Accordingly, this case is **REMANDED** to the 382nd District Court of Rockwall County, Texas.  The Clerk of Court shall mail a certified copy of this order to the district clerk of Rockwall County, Texas.  28 U.S.C. § 1447.

The defendants' motion to dismiss for failure to state a claim upon which relief is **DENIED** as moot.

**SO ORDERED**.

March 26, 2026.

A. Joe Fish

A. JOE FISH
**Senior United States District Judge**